# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHAEL JOSEPH BAIRD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL. NO. 2010-12 |
| FRED STIERLE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's Motion to Amend the Complaint. The Court heard oral argument on April 14, 2010. Plaintiff was represented by Emily Sabo, Esq., and defendant was represented by Christopher Allen Kroblin, Esq.

The action arises out of a business venture between plaintiff, defendant and H. T. Holding Corporation (collectively, "the parties"). On or about May 3, 2009, the parties formed Pirate Duck Adventure, LLC, a Virgin Islands limited liability company ("the Company"), whose primary business was providing tours on an amphibious vessel on St. Thomas, Virgin Islands. Plaintiff alleges that pursuant to an Operating Agreement entered into by the parties on or about May 5, 2006, defendant was the "silent partner" and plaintiff was tasked with performing the managerial functions and daily activities necessary to run the Company.[1] Plaintiff alleges that although he performed these services, he was not paid the salary to which he was entitled. Plaintiff further alleges that defendant usurped corporate opportunity and breached his fiduciary duty to the Company.

---

[1] Plaintiff does not allege what role H. T. Holding Corporation has with the company, other than as an investor.

In December 2009, plaintiff brought this action against the defendant in the Superior Court of the Virgin Islands asserting breach of contact (failure to pay salary and breach of the operating agreement), breach of fiduciary duty and usurpation of company opportunity, promissory estoppel/detrimental reliance, fraud and fraud in the inducement, intentional infliction of emotional distress, extortion/duress and unjust enrichment. On January 22, 2010, defendant removed the action from the Superior Court of the Virgin Islands to this Court.[2] Plaintiff now seeks to amend the complaint to assert claims against the Company for breach of contract (non-payment of salary), promissory estoppel/detrimental reliance and unjust enrichment. Defendant opposes the motion on the basis that to permit the joinder of the Company would destroy diversity of citizenship.

## LEGAL STANDARD

28 U.S.C. §1447(e) provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15 (a). A court has discretion to grant or to deny a motion to amend the pleadings. *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 30239, *5 (E. D. Pa. December 21, 2009) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). A party seeking leave to amend the complaint "has the burden of showing that justice requires the amendment.'" *Id.* (citing *Katzenmoyer v. City of Reading*, 158 F. Supp.2d 491, 497 (E. D. Pa. 2001). A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile." *Id.*

---

[2] The citizenship of plaintiff is diverse from that of defendant, and this Court is alleged to have subject matter jurisdiction of the action pursuant to 28 U.S.C. §1332.

District courts within the Third Circuit have considered the additional factors articulated in *Hensgens v. Deere &Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), when deciding motions to amend the complaint in cases removed to federal court where the joinder of a defendant would defeat diversity. In these cases, courts consider the following additional factors: (1) whether the purpose of plaintiff's motion is to defeat diversity jurisdiction; (2) whether plaintiff was dilatory in seeking to amend the complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors. *City of Perth Amboy v. Safeco Insurance Company of America*, 539 F. Supp. 742, 746 (D. N. J. 2008) (citing *Hensgens v. Deere & Co.*, *supra*, 833 F.2d at 1182).

**ANALYSIS**

In applying the *Hensgens* factors to the facts of this case, the Court first notes that plaintiff seeks to amend the complaint to assert claims against the Company for services plaintiff provided to the Company and for which he alleges he has not been compensated. He also seeks to add a claim for unjust enrichment against the Company. These claims appear to be legitimate and do not appear to be frivolous or asserted only for the purpose of defeating diversity of citizenship.

Second, the action was filed in December 2009 in the Superior Court of the Virgin Islands and removed to the District Court of the Virgin Islands January 2010. Plaintiff moved to amend the complaint in March 2010. Plaintiff did not delay in asserting its claims against the Company.

Third, if plaintiff's motion to amend the complaint is not granted, plaintiff would have to initiate an action in the Superior Court of the Virgin Islands against the Company and proceed in this

Court against defendant. It is apparent that the facts and legal issues of the claims asserted against the Company are common to some of claims asserted against the defendant. To deny the motion would cause plaintiff to litigate two suits in different courts from facts arising from a common occurrence and presenting the same legal issues. This could possibly double plaintiff's expense. The Court finds that this would be unduly prejudicial to plaintiff.

In applying Rule 15 standards, the Court concludes that plaintiff moved expeditiously to amend the complaint; plaintiff's complaint appears to set forth non-frivolous claims against the Company; defendant would not be prejudiced by the amendment because discovery is in the initial stages and the claims asserted against the Company and some of the claims asserted against the defendant arise out of a common set of facts and present common legal issues. The Court therefore finds that, on these facts, justice requires that plaintiff be allowed to amend the complaint to add the Company as a defendant to this action.

For the foregoing reasons, plaintiff's motion to amend the complaint is **GRANTED**.

**DATED**: June 8, 2010                    S\_____
                                                        **RUTH MILLER**
                                                        United States Magistrate Judge